UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JACK W. ADELMAN,

                              Plaintiff,                              9:03-CV-0032
                                                                                        (GLS)(RFT)

      v.

EDNA P. HOBBIE, Law Librarian; ONEIDA COUNTY
SHERIFF; ONEIDA COUNTY SHERIFF'S DEPARTMENT;
and SGT. HEIM,

                              Defendants.

---

APPEARANCES:                                      OF COUNSEL:

JACK W. ADELMAN
Plaintiff, *pro se*
P.O. Box 13
North Bay, New York 13123

GORMAN, WASZKIEWICZ LAW FIRM        BARTLE J. GORMAN, Esq.
Attorney for Defendants
1508 Genesee Street
Utica, New York 13502-4178

**RANDOLPH F. TREECE**, United States Magistrate Judge

ORDER

      On January 7, 2003, *pro se* Plaintiff Jack Adelman initiated this action, pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights. Dkt. No. 1, Compl.; Dkt. No. 11, Am. Compl. Presently before the Court are Defendants' Motions for Sanctions, pursuant to Federal Rule of Civil Procedure 37(d)(1), on the ground that Plaintiff has twice failed to appear at depositions duly noticed by the Defendants. Dkt. No. 38, First Motion to Compel/Dismiss, filed on Nov. 23, 2004; Dkt. No. 45, Re-submitted Motion to Compel, filed on Feb. 24, 2005. By their Motions, Defendants seek a Court Order dismissing Plaintiff's Complaint, or in the alternative,

directing Plaintiff's appearance at a deposition.

## I. BACKGROUND

According to Defendants, on September 2, 2004, Plaintiff was served with a notice of deposition via first class mail to Plaintiff at the address he provided following his release from prison. Dkt. No. 38, Bartle G. Gorman Decl. at ¶ 5; *see also* Dkt. No. 24, Pl.'s Notice of Release from Prison and Change of Address. The deposition was scheduled for October 5, 2004, at 10:00 a.m., in Room 202 of the Federal Courthouse in Utica, New York. Gorman Decl. at ¶ 5. Counsel for the Defendants appeared at the designated time and place with a retained stenographer to transcribe the deposition. Defendants' counsel remained at that location for thirty minutes. *Id*. at ¶ 6. After adjourning the deposition due to Plaintiff's non-appearance, Defendants' counsel issued a second notice of deposition and mailed it via certified mail, return receipt requested, to Plaintiff at his last known address. *Id*. at ¶ 7. The second notice set the rescheduled deposition for October 28, 2004, at 10:00 a.m., in Room 202 of the Federal Courthouse in Utica, New York. *Id*. Thereafter, Defendants' counsel received the return receipt signed by Plaintiff indicating that Plaintiff had, on October 6, 2004, received actual notice of the rescheduled deposition. *Id*. at ¶ 8, Ex. Ex. A. On October 28, 2004, at 10:00 a.m., Defendants' counsel appeared with a court reporter and waited thirty minutes; Plaintiff failed to appear. *Id*. at ¶ 9, Ex. B, Transcript Record of Deposition, dated Oct. 28, 2004.

After Plaintiff's failure to appear at two scheduled depositions, Defendants filed the within Motions seeking to dismiss Plaintiff's action, or in the alternative, to compel Plaintiff's attendance at a deposition. Dkt. Nos. 38 & 45. Initially, Plaintiff did not respond to Defendants' Motions within the time-frame set for such response. In light of Plaintiff's *pro se* status, the Court issued an

Order, filed on April 6, 2005, granting Plaintiff an extension of time until May 6, 2005, to respond in opposition to Defendants' Motions. Dkt. No. 47. Plaintiff was "warned that failure to oppose Defendants' Motion could result, if appropriate, in the granting of Defendants' Motion, in which there will be no trial." *Id*. On May 6, 2005, Plaintiff submitted a Response in Opposition to the Motions. Dkt. No. 51. In his response, Plaintiff states that he "disputes the Defendants' allegations within the Defendants' motion dated February 24, 2005" and "opposes the Defendants' motion to dismiss." *Id*. Plaintiff also requests extensions of time to complete discovery and file dispositive motions. *Id*.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(d) provides that if a party fails to appear for a properly noticed deposition, the court "on motion may make such orders in regard to the failure as are just[,]" including "orders dismissing the action or imposing any of the other sanctions listed in paragraphs (A), (B) and (C) of Fed. R. Civ. P. 37(b)(2)." *Mercado v. Div. of New York State Police*, 989 F. Supp. 521, 524 (S.D.N.Y. 1998) (quoting FED. R. CIV. P. 37(d)). The Second Circuit has noted that "dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990) (internal quotation marks and citations omitted) (cited in *Mercado v. Div. of New York State Police*, 989 F. Supp. at 524). Further caution and restraint is advised in the context of imposing sanctions against *pro se* litigants, though such litigants are not immune from the imposition of sanctions. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citations omitted). A single pretrial violation will not ordinarily result in the imposition of a sanction of such finality as dismissal,

3

especially where a party is proceeding *pro se*. *See United States v. Aldeco*, 917 F.2d 689, 690 (2d Cir. 1990). In such cases, "[d]ismissal is appropriate only if alternative, less drastic sanctions are inappropriate, . . . , and the court has warned the *pro se* litigant that this sanction might result from continued misconduct." *Mercado*, 989 F. Supp. at 524 (citations omitted).

In the instant case, Plaintiff has provided no explanation whatsoever for his failure to appear at the two previously scheduled depositions. At no time prior to the depositions did Plaintiff object to the notices nor advise the Defendants of his inability to appear. However, because Plaintiff is *pro se*, and was not previously warned by the Court that the sanction of dismissal might be imposed for plaintiff's failure to appear at his deposition, Defendants' request that this action be dismissed due to Plaintiff's failure to appear at his deposition is **denied**. The Court finds, however, that the Defendants are entitled to a Court Order directing Plaintiff to appear and provide testimony at his deposition, should it be re-noticed by the Defendants.[1]

The discovery deadline is rescheduled until October 14, 2005, **for the sole purpose of taking Plaintiff's deposition**. <u>**Plaintiff is hereby ordered to appear and provide testimony at his deposition should it be re-noticed by Defendants. Plaintiff is warned that his failure to comply with this Order and appear at any re-noticed deposition may result in the dismissal of this action, with prejudice.**</u>

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Motion for Sanctions (Dkt. Nos. 38 and 45) are **granted in part and denied in part**. Plaintiff is ordered to appear and give testimony at any re-noticed

---

[1] The Court considered imposing monetary sanctions against the Plaintiff in accordance with Rule 37(d) but was unable to do so because Defendants' Motions did not itemize the reasonable expenses, including reasonable attorneys' fee and costs, incurred in connection with the previously scheduled depositions.

deposition.  Defendants' request that this action be dismissed is **denied without prejudice** to renew in the event that Plaintiff fails to comply with the terms of this Order; and it is further

**ORDERED**, that the discovery deadline is rescheduled until October 14, 2005, **for the sole purpose of taking Plaintiff's deposition**; and it is further

**ORDERED**, that Defendants' counsel may re-notice Plaintiff's deposition to take place no later than October 14, 2005.  Plaintiff shall be given at least twenty (20) days notice of his deposition; and it is further

**ORDERED**, that <u>**Plaintiff's failure to give testimony at any re-noticed deposition shall be grounds for the dismissal of his Complaint**</u>; and it is further

**ORDERED**, that the dispositive motion filing deadline is extended until December 16, 2005.  Except as set forth herein, all other pre-trial deadlines have expired; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Date:   August 12, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

5