**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JACK W. ADELMAN,

                                                    Plaintiff,

                        - v -                                                    Civ. No. 9:03-CV-32
                                                                                         (GLS/RFT)

EDNA P. HOBBIE, Law Librarian, ONEIDA COUNTY
SHERIFF, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, and SERGEANT HEIM,

                                                    Defendants.


**APPEARANCES:**                                                    **OF COUNSEL:**

JACK W. ADELMAN
Plaintiff, *Pro Se*
P.O. Box 330
North Bay, NY 13123

GORMAN, WASZKIEWICZ LAW FIRM                BARTLE J. GORMAN, ESQ.
Attorney for Defendants
1508 Genesee Street
Utica, NY 13502-4178

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        *Pro se* Plaintiff Jack Adelman initiated a civil action pursuant to 42 U.S.C. § 1983, alleging

several constitutional violations.  *See* Dkt. No. 20, Second Am. Compl.  Presently before the Court

is Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 37(b)(2)(C) and 41(b), based upon

Plaintiff's failure to comply with a Court Order directing him to appear for a deposition.[1]  Dkt. No.

---

[1] The title of this Motion is incorrectly stated.  Rather than this being an actual motion to dismiss, it is more accurately described as a Motion for Sanctions seeking an order of dismissal as the sanction.  FED. R. CIV. P. 37(b)(2)(C) states in part

        [i]f a party . . . fails to obey an order entered to provide or permit discovery . . . , the court in which the

54.  Plaintiff opposes the Motion.  Dkt. No. 65.  For the following reasons, this Court recommends

that the Defendants' Motion be **granted** and Plaintiff's Second Amended Complaint be **dismissed**

in its entirety.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on January 7, 2003, and amended the Complaint three times.

*See* Dkt. Nos. 1, 5, 11, & 20.[2]  Subsequently, a Pretrial Scheduling Order ("PSO") was issued on

February 6, 2004, setting the discovery deadline for August 30, 2004.  Dkt. No. 28.  By request of

Defendants, the discovery deadline was extended until October 29, 2004.  Dkt. No. 37, Order, dated

Sept. 1, 2004.  Then, on November 23, 2004, Defendants filed their first Motion to Compel

Discovery due to Plaintiff's failure to attend depositions that were scheduled.  Dkt. No. 38, Mot. to

Compel.  Defendants state that on September 2, 2004, Plaintiff was served with notice, by regular

mail, to appear for a deposition at the Federal Courthouse in Utica, New York, on October 5, 2004.

Dkt. No. 38, Bartle G. Gorman, Esq., Decl., dated Nov. 23, 2004, at ¶ 5.  After Defense Counsel

remained at that location for thirty minutes at the scheduled date and time, the deposition was

adjourned as Plaintiff never appeared.  *Id.* at ¶¶ 6 & 7.  As a result, Defense Counsel issued a

second notice, sent by certified mail, for another deposition set for October 28, 2004, at the Federal

Courthouse in Utica, New York.  *Id.* at ¶ 7.  A return receipt was received by Defense Counsel.  *Id.*

at ¶ 8.  On October 28, 2004, Defense Counsel, once again waited thirty minutes but Plaintiff failed

to materialize for the deposition.  *Id.* at ¶ 9.

─────────────────────

action is pending may make such orders in regard to the failure as are just, and among others the
following: an order . . . dismissing the action[.]

[2] The first and second amendments were directed by the Court whereas the third was upon Plaintiff's motion.
Dkt. Nos. 4, 10, & 19.

By letters dated January 4, 2005, and February 16, 2005, Defendants informed the Court that service of the November Motion was unsuccessful as it was sent by certified mail but was returned as "unclaimed."  Dkt. Nos. 41, Defs.' Lt., dated Jan. 4, 2005 & 44, Order, dated Feb. 18, 2005. Therefore, on February 18, 2005, the motion to compel filing deadline was reset to April 1, 2005, "for the sole purpose of permitting defendants to seek to compel plaintiff's attendance at oral deposition."  Dkt. No. 44, Order, dated Feb. 18, 2005.  Then on February 24, 2005, Defendants' Motion to Compel was submitted once again seeking to depose Plaintiff on April 28, 2005, by Court order, and in the alternative, for appropriate sanctions, including dismissal of the action.  Dkt. No. 45, Mot. to Compel; Dkt. No. 45, Bartle J. Gorman, Esq., Decl., dated Feb. 24, 2005, at ¶ 15.

On August 12, 2005, this Court issued an Order on both of Defendants' Motions.[3]  Dkt. No. 53, Order, dated Aug. 12, 2005.  Within the Order, the Court stated that Plaintiff had provided no explanations for his failure to appear at the scheduled depositions nor did Plaintiff object to any notices or advise Defendants he could not appear.  *Id.* at p. 4.  Despite these facts, the Court did not dismiss Plaintiff's action as he had not been forewarned of the sanction that failure to appear for the deposition could result in dismissal.  However, this Court directed Plaintiff to appear for deposition should Defendants choose such an action.  *Id.*  The discovery deadline was extended one more time to October 14, 2005, "**for the sole purpose of taking Plaintiff's deposition**."  *Id.* (emphasis in original).  The Court further warned Plaintiff that "<u>**failure to comply with this Order and appear at any re-noticed deposition may result in the dismissal of this action, with prejudice**</u>."  *Id.*

---

[3] The length of time between the filing and disposition of the Motions was exacerbated by Plaintiff's failure to respond to the Motions in a timely fashion.  This Court provided an extension of the original response deadlines and set a response deadline of May 6, 2005, and the Court further warned Plaintiff that failure to respond to the Motions could result in the granting of Defendants' Motions.  Dkt. No. 47, Order, dated Apr. 6, 2005.  Plaintiff did submit a response on May 6, 2005.  Dkt. No. 51.

(emphasis in original).

Subsequently, on October 7, 2005, Defendants filed the current Motion to Dismiss pursuant to FED. R. CIV. P. 37(b)(2)(C) and 41(b), seeking dismissal of Plaintiff's Second Amended Complaint with prejudice.  Dkt. No. 54, Mot. to Dismiss.  Pursuant to the Court's Order of August 12, 2005, Defendants' Counsel had issued another notice of deposition to Plaintiff, sent by first class mail, to appear at the Federal Courthouse in Utica, New York, for September 19, 2005.  Dkt. No. 54, Bartle J. Gorman, Esq., Aff., dated Oct. 6, 2005, at ¶ 6.  Defendants' mailing of the notice was not at any point returned as undeliverable.  *Id.*  On September 19, 2005, Defendants' Counsel appeared at the Federal Courthouse in Utica, New York, and waited for thirty minutes to no avail since Plaintiff failed to appear for the deposition yet again.  *Id.* at ¶ 7.  A brief transcript of the failed deposition is provided.  *Id.*, Ex. B, Dep. Tr.

## II.  DISCUSSION

### A.  FED. R. CIV. P. 37(b)(2)(C)

Defendants ask this Court to dismiss Plaintiff's action for failure to comply with this Court's August 12, 2005 Order.  Dkt. No. 54, Defs.' Mem. of Law.

FED. R. CIV. P. 37(b)(2) permits sanctions by a court in which an action is pending.  FED. R. CIV. P. 37 states that "if a party . . . fails to obey an order to provide or permit discovery," the court may consider one of the following courses of action:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further

proceedings until the order is obeyed, or ***dismissing the action*** or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

(emphasis added).

Sanctions serve several purposes: 1) to ensure that the offending party will not be able to profit from his failure to comply; 2) to provide a strong deterrence to the non-compliant party and to others in the public; and 3) to secure compliance with an order. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979); *Trehern v. OMI Corp.*, 1999 WL 47303, at *8 (S.D.N.Y. Feb. 1, 1999).  A spectrum of sanctions are available ranging from the mildest, such as, reimbursement for expenses, to the harshest, an order of dismissal or default. *Cine Forty-Second Street Theatre Corp.*, 602 F.2d at 1066; *see also Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 2004).

The imposition of sanctions under Rule 37 is within the discretion of the court. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *see also Valentine v. Museum of Modern Art*, 29 F.3d at 49; *Scott v. Town of Cicero Police Dep't*, 1999 WL 102750, at *2 (N.D.N.Y. Feb. 24, 1999).  Before imposing sanctions the court may consider: (1) the history of the party's failure to comply with court orders; (2) whether the party violating the order was given ample time to respond; (3) the effectiveness of alternative sanctions; (4) whether the non-complying party was warned and given an opportunity to argue the impending sanctions; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the document at issue would normally be

readily obtainable; and (7) the extent of the party's personal responsibility.  *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995); *Momah v. Messina Mem'l. Hosp. & Bond*, 1998 WL 129045, at *5 (N.D.N.Y. Mar. 6, 1998) (quoting *Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24, 33 (W.D.N.Y. 1991)).

The imposition of sanctions is a drastic remedy and should be considered when it has been established that a party's noncompliance or failure was due to wilfulness, bad faith or a callous disregard of the responsibilities mandated by the Federal Rules of Civil Procedure or a court order. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 639-40 (1976) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)); *State of New York v. Almy Brothers, Inc.,* 1998 WL 57666, at *9 (N.D.N.Y. Feb. 4, 1998); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (flagrant bad faith).  Moreover, gross negligence on the part of  a non-compliant party can suffice as wilful and flagrant bad faith, and in some instances, ordinary negligence may be sufficient as well.  *Cine Forty-Second Street Theatre Corp.*, 602 F.2d at 1062 (deliberate tactical intransigence and/or gross negligence); *see also Residential Funding Corp.*, 306 F.3d at 99 (ordinary negligence); *Burks v. Eagan Real Estate Inc.*, 742 F. Supp. 49, 51-52 (N.D.N.Y. 1990) (drastic remedy of a default judgment should not be considered unless the failure to comply was the result of bad faith or gross negligence).

In order for an act to constitute wilfulness, the court's order must be clear and there is no misunderstanding of the intent of the order, and, further, there is no other factor beyond the party's control which contributed to the non-compliance.  *Bambu Sales*, 58 F.3d at 852-53.  And a "'party's persistent refusal to comply with a discovery order' presents sufficient evidence of willfulness, bad faith or fault."  *Handwerker v. AT &T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting

*Monaghan v. SZS 33 Assoc., L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993) (noting that "unexcused failure to comply with two discovery orders warranted dismissal")).  However, this statute permits the saving grace of substantial justification or harmlessness to blunt the impact of sanctions. *Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y. 1999) (citing *Hinton v. Patnaude*, 162 F.R.D. at 439)).  Substantial justification in this context means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the [] party was required to comply with the disclosure request." *Jockey Int'l, Inc. v. M/V "Leverkusen Express,"* 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002) (quoting *Henrietta D. v. Giuliani*, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001) (further citations omitted)).  There is no exception to honoring and respecting discovery orders.  All litigants and litigators must comply and when they flout their obligation, they must suffer the consequences of such action. *Baker v. Ace Advertisers' Serv. Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992).  Additionally, "disclosure of evidence [is meant to] proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention." *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredline*, 951 F.2d 1357, 1365 (2d Cir. 1991).  "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Id.* (citing *Nat'l Hockey League*, 427 U.S. at 643).

Furthermore, the Court may turn to those inherent powers, which are innate to its creation, to impose respect for its lawful mandates. *United States v. Seltzer,* 227 F.3d 36, 39-42 (2d Cir. 2000); *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998).  Federal courts have always had the inherent power to manage their own proceedings and to control the conduct of those who may appear before them, and when a party acts "in bad faith, vexatiously, wantonly, or for

oppressive reasons," the courts may exercise their discretion in fashioning a remedy. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). "Even in the absence of a discovery order, a court may impose sanctions" for misconduct during discovery through this inherent power to manage its affairs. *Residential Funding Corp.*, 306 F.3d at 106-07 (citations omitted). However, before a court can exercise this enormous power, it should do so with restraint and upon the finding of bad faith and where abuse litigation practices are evident. *DLC Mgmt. Corp.*, 163 F.3d at 136 (citing *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)); *see also Sanders v. City of New York*, 218 F. Supp. 2d 538, 542-43 (S.D.N.Y. 2002) (citing *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 267-268 (2d Cir. 1999), for the proposition that when a court exercises its inherent power to impose sanctions for the discovery abuse of spoilation, neither bad faith nor intentional misconduct is necessary).

In this case, dismissal of the action, although a drastic remedy, is warranted. First of all, Plaintiff has a history of noncompliance and this Court has been forced to expend unnecessary judicial resources because of Plaintiff's inability to comply with not only this Court's clear Order but other deadlines in this case. This case was commenced in January 2003 and nearly three years later the case remains unresolved. Discovery was to be completed by August 30, 2004, and an extension was provided taking the discovery deadline out to October 29, 2004. This Court then learned that Plaintiff had failed to appear for depositions not once, but twice after notices were sent to Plaintiff. Defendants certainly incurred costs associated with the preparation and anticipation of each deposition scheduled. Thereafter, Defendants filed their initial Motion to Compel Plaintiff's attendance for a deposition or dismiss Plaintiff's action. After service of the Motion papers could not be effectuated upon Plaintiff, Defendants asked this Court for assistance in obtaining Plaintiff's

deposition.  Based on this request, the deadline for filing a motion to compel was extended in order for Defendants to seek to compel Plaintiff's compliance.

Defendants resubmitted their Motion to Compel, relying upon Plaintiff's failure to appear at the two previous depositions.  As the response deadline passed without input from Plaintiff, this Court in light of Plaintiff's *pro se* status intervened and provided Plaintiff an extension of time to respond.  Plaintiff did respond on the last day of the extended deadline.  However, no explanation was provided by Plaintiff as to why he did not appear at the depositions.  Dkt. No. 51, Pl.'s Resp., dated May 6, 2005.  Plaintiff merely states he disputes the allegations and opposes the Motion.  *Id.* Plaintiff further sought an extension of the discovery deadline as well as the appointment of counsel, which had been denied three times during the pendency of the litigation.  *See* Dkt. Nos. 10, 22, & 52.[4]

In ruling on Defendants' Motions, on August 12, 2005, this Court did not dismiss Plaintiff's Second Amended Complaint.  Instead, as the Court felt on that occasion that dismissal would be a harsh remedy as Plaintiff was not forewarned of the consequences of the sanction for his non-appearance at the deposition, this Court clearly stated to Plaintiff that if Defendants were to re-notice Plaintiff for a deposition, he must attend.  His failure to do so and comply with the Court's Order "**may result in the dismissal of this action, with prejudice**."  Dkt. No. 53, Order, dated Aug. 12, 2005 (emphasis in original).

After the Order was issued, Defendants did in fact re-notice Plaintiff to appear for a third

_____

[4] Indeed, Plaintiff's inability to follow this Court's Orders is apparent, when, on July 13, 2005, at the time of this Court's third decision on his Motion to Appoint Counsel, the Court directed the Clerk of the Court to return any more motions for the appointment of counsel until a trial date was scheduled in this action.  Plaintiff seemingly failed to grasp this notion when he again asked this Court for the appointment of counsel in his May 6, 2005 Response.

scheduled deposition.  This notice was sent by regular mail and Defendants were not aware of any

reason why Plaintiff would not appear at this deposition as the mail was not returned nor did

Plaintiff call to say he could not attend.  For a third time, Defense Counsel waited at the Federal

Courthouse in vain.  Plaintiff failed to materialize at the location for his deposition.   Despite this

Court's abundantly clear warning in its Order that Plaintiff should attend the deposition, Plaintiff

defied the Court's Order.

       In addition, and more recently due to Plaintiff's incarceration on another matter, Plaintiff

was not only forwarded a copy of the current Motion by Defendants as a courtesy, but the Court

extended Plaintiff's time to respond to the Motion, which was initially due on November 14, 2005,

to January 30, 2006.  *See* Dkt. Nos. 54, Mot. to Dismiss, 56, Defs.' Lt., dated Dec. 1, 2005, 60, Pl.'s

Lt., dated Dec. 13, 2005, 58, Defs.' Lt., dated Dec. 22, 2005, & 61, Notice to Pl., dated Dec. 28,

2005.  Because the notice sent to Plaintiff about the extension of the deadline was returned as

undeliverable due to the change in address, this Court graciously provided Plaintiff with another

extension of the deadline to February 14, 2006, and explained to Plaintiff that the Court must be

advised immediately of any change of address.  Dkt. Nos. 62 & 64, Order, dated Feb. 1, 2006.

Plaintiff submitted his Response on the last day possible, February 14, 2006.

       Similar to Plaintiff's May 6, 2005 Response, in regards to the current Motion, Plaintiff's

Response again states that he opposes the Motion and disputes Defendants' application of the

Federal Rules of Civil Procedure and Local Rules for the Northern District of New York.  Dkt. No.

65.  Despite Plaintiff's misinterpretation of the Federal and Local Rules,[5] Plaintiff attempts to

---

    [5] The Court need not address Plaintiff's arguments concerning the Federal and Local Rules as they have no
bearing on the substance of the current Motion.

provide justification for failing to attend, this Court believes, the latest and third deposition.[6] *Id.*, Pl.'s Resp. at ¶ 3. Plaintiff provides the following explanation:

> [w]ith respect to the immediate issue (i.e. discovery) the Plaintiff is afraid to be alone under the control of the Defendants and their friends/colleagues (i.e. the U.S. Marshalls [sic], lest we forget the problems early on in this matter getting the Marshalls [sic] to serve the Defendants). You see, since their [sic] is no Judge at a deposition, just attorneys, clients and transcriptionist, and since this Plaintiff is *pro se*, he has <u>legitimate</u> concerns about meeting with the Defendants (law enforcement) alone with sensitive materials[.]

*Id.*[7]

Plaintiff also asks for an extension of the discovery deadline as well as, and for the fifth time, appointment of counsel. *Id.* at ¶¶ 6 & 7.

Plaintiff's explanations do not in any way justify Plaintiff's disregard of this Court's Order. Unexcused failures to comply warrant dismissal, and, despite the fact that Plaintiff had the opportunity to show substantial justification or harmlessness to offset the drastic penalty for noncompliance, Plaintiff has not made either showing. No reasonable person could interpret the Court's Order to mean that compliance was optional or unnecessary. Furthermore, Plaintiff neither contacted Defense Counsel nor this Court in regards to his depositions and any supposed problems Plaintiff would have in appearing for the depositions. Additionally, Plaintiff failed to attend the deposition not once, not twice, but three times, the third being after the Court issued its Order. Plaintiff has provided no cognizable argument that would persuade the Court that Plaintiff's inability to comply with its Order was due to some unforeseen circumstance or that it was

---

[6] It is not clear from Plaintiff's Response whether the justification provided was for all of the depositions or just the third one.

[7] The Court is not aware of problems concerning the U.S. Marshals in effecting service. If Plaintiff is referring to the time expended in service of process, Plaintiff is reminded of his own fault in failing to submit the requisite forms to the U.S. Marshals for service. *See* Dkt. Nos. 12, 13, 17, 18, & 19.

inadvertent.

Aside from dismissal, FED. R. CIV. P. 37(b)(2) allows for alternative sanctions including disallowance of support or opposition of claims or defenses, precluding the introduction of certain matters into evidence, striking parts of a pleading or staying the action, rendering a default judgment, or treating the noncompliance of the order as a contempt of court. The Court has carefully weighed the alternatives. No other sanction but dismissal would be effective in this case. Plaintiff's attitude regarding his role in this litigation seems far from being deterred based upon the long history of noncompliance. The Court has considered monetary sanctions in the past but instead chose to give Plaintiff an opportunity to comply. Dkt. No. 53, Order, dated Aug. 12, 2005, at p. 4 n.1. Participation in the discovery process is crucial to advancing litigation. As noted previously, it has been more than three years since the litigation was initiated and the discovery deadline has come and gone, several times. To further delay the action would not serve any purpose. Plaintiff initiated the action and has the duty to prosecute his claims. Plaintiff was unequivocally told that failure to appear at the deposition re-noticed by Defendants could result in dismissal of his action with prejudice, and even that warning was not enough to induce compliance. This further evidences willfulness and/or bad faith on the part of Plaintiff. To this Court, any of the alternative sanctions available would not be appropriate as this Court feels they would not deter Plaintiff from further disregarding orders issued by this Court.

For the foregoing reasons and because the Court is vested with the inherent power to exercise discretion to impose sanctions for discovery abuses, this Court recommends that Defendants' Motion to Dismiss be **granted** and Plaintiff's Second Amended Complaint be **dismissed** in its entirety.

## B. FED. R. CIV. P. 41(b)

Defendants, in addition to seeking dismissal under FED. R. CIV. P. 37(b)(2)(C), also seek dismissal pursuant to FED. R. CIV. P. 41(b).  Defs.' Mem. of Law at p. 5.

FED. R. CIV. P. 41(b) states in part that "[f]or failure of the plaintiff . . . to comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  Moreover, under FED. R. CIV. P. 41(b), unless a court specifies otherwise and if dismissal is ordered under this rule, dismissal will "operate[] as an adjudication on the merits."

Notwithstanding, dismissal under FED. R. CIV. P. 41(b) is considered to be a "harsh remedy" and should be utilized in only "extreme circumstances."  *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  And where as here there is a *pro se* litigant, "[d]istrict courts should be especially hesitant to dismiss for procedural deficiencies[.]"  *Id.* (citing *Lucas v. Miles*, 84 F.3d at 535).  In determining whether dismissal is warranted under this rule, the court must examine the record as a whole and consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 112-13 (citing *Lucas v. Miles*, 84 F.3d at 535 & *Jackson v. City of New York*, 22 F.3d 71, 74 (2nd Cir. 1994) (other citations omitted)).

In terms of the factors to be considered, generally no one factor is dispositive.  *Id.* at 113 (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

As the entire record has been extensively examined above, the Court feels it is unnecessary to recite Plaintiff's noncompliance once again.  Briefly, Plaintiff has not only failed to comply with

the Order at issue, in which he had notice of the possibility of dismissal, but further delay would be prejudicial to Defendants as they have already sought to depose Plaintiff a number of times without success. Furthermore, over three years has passed since this litigation was commenced, well past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was instituted. Plaintiff has expended this Court's resources on many occasions throughout this litigation and this Court has considered less drastic remedies than dismissal of Plaintiff's action. Therefore, although the Court recommends dismissal under FED. R. CIV. P. 37(b)(2)(C), for the same reasons set forth above, Plaintiff's action warrants dismissal, in the alternative, pursuant to FED. R. CIV. P. 41(b).

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that pursuant to FED. R. CIV. P. 37(b)(2)(C), Plaintiff's conduct is sanctionable; and it is further

**RECOMMENDED**, that the Motion to Dismiss (Dkt. No. 54) be **GRANTED** pursuant to FED. R. CIV. P. 37(b)(2)(C), or alternatively under FED. R. CIV. P. 41(b), and Plaintiff's Second Amended Complaint (Dkt. No. 20) be **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y*

*of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fᴇᴅ. ʀ.

Cɪᴠ. P. 72, 6(a), & 6(e).

Date:   August 3, 2006
            Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

*-15-*